UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 15-050-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| EDGAR LERMA FLORES, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Edgar Flores is currently serving a 300-month term of imprisonment after pleading guilty to two violations of 21 U.S.C. § 841(a)(1).[1]  [Record Nos. 82, 134.]  His conviction and sentence reflected his leadership role in a drug organization that delivered and distributed large quantities of cocaine and methamphetamine from Chicago to the central Kentucky area.  [Record No. 230]  Flores has recently filed a second *pro se* motion seeking relief under 18 U.S.C. § 3582(c)(1)(A)(i).  The United States opposes the motion.[2]  [Record Nos. 267, 271]  Flores' motion will be denied because he has not presented extraordinary and compelling reasons for release, and the relevant factors of section 3553(a) do not support the relief sought.

---

[1]  Contrary to the United States' motion, the parties entered into a non-binding plea agreement.  [Record No. 124] The presentence report indicated a recommended guideline range of 235 to 293 months, and the Court applied an upward variance due to aggravating factors.  [Record No. 156]

[2]  The defendant's motion requests relief under section 3582(c)(1)(A)(ii), which is inapplicable.

A prisoner seeking compassionate release must identify extraordinary and compelling reasons warranting a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). The Court also must determine whether a sentence reduction is consistent with the purposes identified in 18 U.S.C. § 3553(a). *Id.* Compassionate release is not appropriate if either factor is absent. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

District courts have discretion in defining extraordinary and compelling reasons for compassionate release. *Id.* at 519-20. A defendant must typically identify exceptional circumstances like those described in the commentary to U.S.S.G. § 1B1.13—a terminal illness, a serious illness that diminishes the movant's ability to provide self-care within the prison, or the death or incapacitation of the caregiver of the movant's minor child. While district courts are not bound by section 1B1.13, relief under section 3582(c)(1)(A) is generally appropriate only in unique or rare circumstances. *See United States v. McCall*, 56 F.4th 1048, 1055 (6th Cir. 2022).

The majority of Flores' arguments are unclear, likely due to his copying and pasting language from various sources. For example, pages five through eight of the motion consist of text from *United States v. Ferguson*, No. 17-204, 2018 WL 3682509 (D. Minn. Aug. 2, 2018), without context. *Cf. Bonner v. Superintendent, Five Points Correctional Facility*, No. 20-CV-6906, 2022 WL 464236, at *3 (W.D.N.Y. Feb. 15, 2022) ("Apart from copying-and-pasting language from the Court's previous Decision and Order . . . Bonner has not explained why this conclusion is warranted."). Flores appears to argue that the United States Supreme Court's decision in *Concepcion v. United States*, 142 S.Ct. 2389 (2022), favors his position. But that case is inapplicable. *Concepcion* "said nothing about the 'threshold question [of] whether any given prisoner has established an "extraordinary and compelling" reason for

release.'" *McCall*, 56 F.4th at 1061 (quoting *United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022)).  Flores also references the rule of lenity, which does not establish the threshold inquiry of whether extraordinary and compelling reasons exist for release.

Flores' motion has two relevant arguments: (1) COVID-19 warrants relief; and (2) his record of rehabilitation supports compassionate release.  The United States Court of Appeals for the Sixth Circuit has held that a "defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."  *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)).  Additionally, the "Sixth Circuit has noted that district courts may consider . . . '(a) whether "the defendant is at high risk of having complications from COVID-19" and (b) whether "the prison where the defendant is held has a severe COVID-19 outbreak,"' although they are not required to do so."  *United States v. Gibson*, No. 14-074, 2021 WL 4768244, at *2 (E.D. Ky. Oct. 12, 2021) (quoting *United States v. Biggs*, 858 F. App'x 916, 917 (6th Cir. 2021)).  Here, the United States provided Flores' medical records which show he received his first vaccine on February 10, 2021, and his second dose on March 1, 2021. [Record No. 273]  He also does not have any serious medical conditions.  [*Id.*]

Flores next argues that release is warranted due to his purported rehabilitation while in custody.  The Sixth Circuit has repeatedly held that a defendant's post-conviction rehabilitation standing alone does not render him eligible for compassionate release.  *See McCall*, 2022 WL 17843865, at *11 ("[R]ehabilitation . . . cannot by itself justify a sentence reduction."); *United States v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020); *United States v. Adkins*, No. 5:18-058-DCR, 2020 WL 7755629, at *4 (E.D. Ky. Dec. 29, 2020); U.S.S.G. § 1B1.13 cmt. n. 3

("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement."). Defendants are expected to take advantage of BOP programming, not only for their own personal development while in custody, but also for an improved transition to the community upon release. *See McCall*, 56 F.4th at 1061 ("[The defendant] argues that our decision in *Havis*, his risk of contracting COVID-19, and his rehabilitative efforts supply 'extraordinary and compelling' reasons to reduce his sentence. We disagree."). Flores' rehabilitative efforts, considered alone and in conjunction with the proffered facts, do not establish an extraordinary and compelling reason to justify early release from incarceration.

The factors in section 3553(a) also disfavor early release from imprisonment. *See United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) ("We have repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief."). Factors "include, among others, 'the nature and circumstances of the offense'; the defendant's 'history and characteristics'; the need for the sentence 'to promote respect for the law,' to 'provide just punishment for the offense,' to 'afford adequate deterrence,' and to 'protect the public'; and the kinds of sentences available." *United States v. Greene*, 847 F. App'x 334, 336 (6th Cir. 2021) (quoting 18 U.S.C. § 3553(a)(1)-(3)). As noted previously, Flores was a leader of a drug organization involved in distributing a copious amount of cocaine and methamphetamine. He has shown disrespect for the laws of the United States. This includes his criminal history and actions in entering the country illegally. [*See* Record No. 185] In addition to the foregoing reasons, the undersigned remains convinced that the defendant's original sentence remains sufficient but not greater than necessary to provide deterrence, protect the public, and provide a just punishment.

- 5 -

In summary, the factors in section 3553(a) weigh heavily against granting the relief requested.  Accordingly, it is hereby

**ORDERED** that Defendant Edgar Flores' second motion for compassionate release [Record No. 267] is **DENIED**.

Dated:  February 14, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky