UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | Criminal Action No. 5: 15-050-DCR |
| ) | |
| V.  ) | |
| ) | |
| ) | **MEMORANDUM OPINION** |
| EDGAR LERMA FLORES,  ) | **AND ORDER** |
| ) | |
| Defendant.  ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Edgar Flores has filed a motion for leave to appeal *in forma pauperis*. [Record No. 301] The motion states that he is appealing "the District Court's denial of Defendant's Amend 821 Motion." [*Id.*] But Flores has not filed a motion seeking relief pursuant to Amendment 821, nor has this Court entered an appealable Order or Judgment denying him any such relief.

For the reasons set forth below, Defendant Flores' motion will be denied as unnecessary. The Court will also certify that the defendant's appeal is not taken in good faith.

I.

As of November 1, 2023, Amendment 821 to the United States Sentencing Guidelines may be applied retroactively to reduce the sentences of certain defendants who have already been sentenced. *See* U.S. Sent'g Comm'm, Guidelines Manual §1B1.10(d) (Nov. 2023); 18 U.S.C. § 3582(c)(2). While courts were authorized to entertain motions and reduce a term of imprisonment as early as November 1, 2023, the effective date of a court's sentence reduction could be no earlier than February 1, 2024. *See* USSG §1B1.10(e)(2). In September 2023, the

United States Sentencing Commission ("USSC") provided this Court with two lists of incarcerated defendants eligible for a sentence reduction pursuant to the retroactive application of Amendment 821.[1] Defendant Flores was named among those eligible for a sentence reduction pursuant to Amendment 821 (Part A).

This Court entered a General Order outlining the procedures that would be used to review the sentences of those identified by the USSC and those submitting motions for relief. *See* General Order No. 23-21. For defendants identified by the USSC who did not otherwise move for a reduction, the Court initiated a review *sua sponte*. Consistent with General Order 23-21, the United States Probation Office for the Eastern District of Kentucky prepared an analysis regarding Flores' eligibility for a retroactive sentence reduction. The Court directed that the report be shared with both Flores and the United States, and both parties were provided with an opportunity to address whether a sentence reduction would be appropriate. [Record No. 289] The United States filed a Memorandum opposing a sentence reduction for Defendant Flores on January 30, 2024. [Record No. 292] Flores did not file a timely response.

The Court entered a Notice on February 14, 2024, which detailed the findings of the Court's self-initiated consideration of a sentence reduction for Defendant Flores. [Record No. 294] The filing provided *notice* "that the Court does not intend to reduce Defendant Flores' previously imposed term of incarceration pursuant to Amendment 821 (Part A) of the United States Sentencing Guidelines." [*Id.*] The Court ordered that a copy of the Notice be provided to Defendant Flores at his place of incarceration, FCI Coleman Medium.

---

[1] One list provided the names of incarcerated defendants eligible for a sentence reduction under Amendment 821 (Part A), the other list provided the names of those eligible under Amendment 821 (Part B, Subpart 1).

Despite his claim to the contrary, Defendant Flores never filed a motion seeking a sentence reduction under Amendment 821. The Court's *sua sponte* contemplation of a sentence reduction resulted in the filing of a Notice, rather than an Order.[2] The undersigned's entry of a Notice does not preclude Flores from filing a motion for relief under Amendment 821 because a Notice does not constitute an adjudication. If anything, Flores now has the benefit of being able to craft a motion that contemplates the Government's stated objections and the Court's articulated findings.

## II.

As a preliminary matter, Flores' motion can be properly denied as unnecessary. Rule 24(a)(3) of the Federal Rules of Appellate Procedure instructs that "[a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, . . . ." Flores was appointed counsel pursuant to the Criminal Justice Act, which required him to receive *in forma pauperis* status in the underlying criminal proceedings. As a result, Flores does not require leave of the Court to appeal *in forma pauperis*.

Rule 24(a)(3) provides two exceptions to this automatic grant of pauper status. Relevant here is an exception where "the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification or finding; . . ." Fed. R. App. P. 24(a)(3)(A). Having reviewed all relevant information, the undersigned concludes that Defendant Flores does not have a non-frivolous (i.e., good faith) basis for appeal.

---

[2] This distinction is made clear by the plain text of the filing. The element of the filing that provides notice and the element that constitutes an Order are expressly labeled as such.

The Supreme Court has recognized that in the context of 28 U.S.C. § 1915(e)(2), "an appeal on a matter of law is frivolous where 'none of the legal points are arguable on their merits.'"  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)).  More broadly, "[a]n appeal is frivolous if it is obviously without merit and is prosecuted for delay, harassment, or other improper purposes."  *Waldman v. Stone*, 854 F.3d 853, 854 (6th Cir. 2017) (quoting *McDonald v. Flake*, 814 F.3d 804, 816 (6th Cir. 2016)).

### A.

Flores' appeal is legally frivolous.  Before even reaching the substance of his argument, Flores has not invoked the Court of Appeals' appellate jurisdiction because an entry of Notice is not a "final decision."  *See* 28 U.S.C. § 1291.  And while the United States Supreme Court has also acknowledged that "final decision" includes "a small set of prejudgment *orders*," they are nonetheless orders.  *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 103 (2009) (emphasis added).  Because this Court has not entered an order of any kind, there is no action to remedy on appeal.  Absent a jurisdictional basis for appeal, the petition is legally frivolous.

### B.

Flores' appeal is also frivolous under the broader standard of frivolousness.  This articulated two-part test requires the Court to first determine whether an appeal is without merit and then determine whether the purpose behind the filing is proscribed.

As discussed above, the motion is inherently meritless because it seeks review of a decision that has yet to be rendered.  *See Monson v. City of Detroit*, Nos. 22-2050/2122, 2024 WL 84093, *10 (6th Cir. Jan. 8, 2024) (noting that an indicator of frivolousness may include untimeliness).  To that extent, the substance of the motion itself is of little consequence.  More relevant is that fact that Flores' motion relies on material falsehoods to establish the basis of

his appeal. The instant motion states that Flores is appealing "the District Court's denial of Defendant's Amend 821 Motion." [Record No. 301] But as previously discussed—and evident from the docket—Defendant Flores has never filed a motion for relief under Amendment 821. As a result, no judgment has been entered and Flores' assertion that the Court denied him relief is baseless.

### III.

Based upon the foregoing analysis and conclusion, it is hereby

**ORDERED** as follows:

1. Pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, the Court **CERTIFIES** that Defendant Edgar Flores' appeal is not taken in good faith.

2. Defendant Flores' motion for leave to appeal *in forma pauperis* [Record No. 301] is **DENIED**, as unnecessary.

3. The Clerk of the Court is **DIRECTED** to send a copy of this Memorandum Opinion and Order to the parties, the United States Probation Office in Lexington, Kentucky, and the Clerk of the Court for the United States Court of Appeals for Sixth Circuit.

Dated: March 7, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky