UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 15-050-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| EDGAR LERMA FLORES, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Edgar Flores has filed a motion for relief from judgment [Record No. 312] of Judge Wier's previous Order [5:25-cv-00171-REW; Record No. 6] construing Flores' petition for a writ of *audita querela* as a successive § 2255 motion and transferring it to the United States Court of Appeals for the Sixth Circuit. Flores' motion will be denied because Judge Wier made no legal mistakes.

**I.**

Rule 60(b)(1) of the Federal Rules of Civil Procedure allows a party to seek relief from a final judgment based on, among other things, a "mistake." *Kemp v. United States*, 596 U.S. 528, 530 (2022). In *Kemp*, the United States Supreme Court held that the statutory definition of "mistake" includes "a judge's errors of law." *Id.* Flores contends Judge Wier's Order was erroneous because the writ of *audita querela* is appropriate even considering restrictions on successive habeas petitions. [Record No. 312, p. 2] He further assets he "has sound reasons for failing to seek earlier relief under [§] 2255 since truly extraordinary circumstances and equities are presented . . . since the DUI conviction was not a conventional enhancement

- 1 -

purpose, causing the Defendant to be sentenced to a harsh and unusual sentence in comparison with others similarly situated." [*Id.* at 3] However, the undersigned agrees with Judge Wier's conclusion that "audita querela does not provide a mechanism for relief independent of § 2255 for claims falling within the latter's reach." *United States v. Flores*, Civil Action No. 5: 25-171-REW (May 16, 2025) (citing *United States v. Williams*, No. 15-6409, 2016 WL 11826120, at *2 (6th Cir. Aug. 19, 2016)). In addition, Judge Wier aptly noted that, in *Pilla v. United States*, 668 F.3d 368, 372 (6th Cir. 2012), the United States Court of Appeals for the Sixth Circuit adopted the Seventh Circuit's holding from *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004), which construed a similar petition for writ of *audita querela* as a second or successive § 2255 motion.

Finally, Judge Wier found that Flores' petition "functionally seeks § 2255 relief" and decided to transfer the matter to the Sixth Circuit based on the undersigned's earlier denial of his "original § 2255 motion asserting a panoply of other sentencing challenges." *Id.* Because Judge Wier's Order was devoid of legal error, Flores' initial "Petition for Writ of Audita Querela" was properly transferred to the Sixth Circuit.[1]

However, Flores' present motion raises an interesting question. What is the appropriate remedy for a 60(b) motion for relief from judgment regarding a second or successive § 2255 motion that was already transferred to the Court of Appeals? On its own, the *audita querela* petition was properly transferred to the Sixth Circuit. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). But what about the subsequent 60(b) motion—should it be denied, or transferred?

---

[1] *See In re: Edgar Flores*, Appeal No. 25-5469.

Normally, Flores "may bring a new [§ 2255] claim only if it falls within one of two narrow categories—roughly speaking, if it relies on a new and retroactive rule of constitutional law or if it alleges previously undiscoverable facts that would establish his innocence." *Banister v. Davis*, 590 U.S. 504, 509 (2020) (citing 28 U.S.C. § 2244(b)(1)). And "[a] Rule 60(b) motion that attempts 'to add a new ground for relief' is effectively a motion to vacate, set aside, or correct the sentence, and thus should be considered a § 2255 motion." *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (citing *Gonzalez v. Crosby,* 545 U.S. 524, 532 (2005)). But Flores' present Rule 60(b) motion is derivative of his *audita querela* petition (which was construed as a subsequent § 2255 motion), and not his original § 2255 motion. In other words, it is not only a question of whether the chicken or the egg came first. Here, the chicken hatched an egg and the egg subsequently hatched another egg.

Because Flores' 60(b) motion challenges Judge Wier's decision to transfer the case to the Sixth Circuit based on a finding that the *audita querela* petition amounted to a subsequent § 2255 motion, and he specifically contends *that* decision was legally erroneous under 60(b)(1), *Flores* only disputes that Order, and not this Court's previous disposition of his § 2255 motion. The undersigned thus finds that Flores' 60(b) motion should not be construed as a subsequent § 2255 motion because it does technically not raise a *new* claim for relief, nor does it attack "some defect in the integrity of the federal habeas proceedings." *See Nailor*, 487 F.3d at 1022; and *Gonzalez*, 545 U.S. at 532. In effect, Flores raises *no new* grounds for relief (because his arguments were previously raised in his *audita querela* petition), and rather than attacking a defect in his habeas proceedings, he attacks a defect in his subsequent *audita querela* petition. The egg that came from the first egg is not the same as the egg that came from the chicken.

Thus, the Court will deny the present motion for relief rather than transferring it as a separate successive § 2255 motion, as Flores' original *audita querela* petition remains pending before the Sixth Circuit.

## II.

Being sufficiently advised, it is hereby

**ORDERED** that Defendant Flores' Motion to Correct Mistake, construed as a motion for relief from judgment under Rule 60(b)(1), [Record No. 312] is **DENIED**.

Dated: July 25, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky